995 F.2d 1064
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Charlotte A. SCOTT, Plaintiff-Appellant,
v.
Johnny MORRISON; S. Lee Morris; Salvage Delacy Stith,
Defendants-Appellees.
 No. 93-1151.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: June 7, 1993.
Decided: June 18, 1993.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Robert E. Payne, District Judge. (CA-92-808-2)
 Charlotte A. Scott, Appellant Pro Se.
 Gregory E. Lucyk, Office of the Attorney General of Virginia, Richmond, Virginia; S. Delacy Stith, Portsmouth, Virginia, for Appellees.
 E.D.Va.
 AFFIRMED.
 Before HALL, WILKINSON, and WILLIAMS, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Charlotte A. Scott appeals the district court's order dismissing her 42 U.S.C. § 1983 (1988) complaint. Scott alleges that her constitutional rights were violated because she was not allowed to present certain evidence at the state court hearing, and although she was indigent, she was denied a waiver of Virginia's bond requirement for civil appeals. Scott named her former landlord, S. Delacy Stith, and state court judges Johnny Morrison and S. Lee Morris as defendants.
 
 
 2
 Scott's first claim is without merit. Federal courts do not have the authority to order state courts to alter a judgment. District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 483 (1983). Scott's proper avenue of relief is in the state judicial system. As for her second claim, a general bond requirement for civil appeals is not unconstitutional. Cf. Lindsey v. Nourmet, 405 U.S. 56, 74-78 (1972).*
 
 
 3
 Therefore, we affirm the district court's order dismissing Scott's complaint. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 To the extent that Scott requested money damages, the judges are immune from suit under § 1983, Stump v. Sparkman, 435 U.S. 349 (1978), and Stith is not a state actor, Lugar v. Edmondson Oil Co., 457 U.S. 922 (1982), so these claims were properly dismissed